UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
REYNALDO HERNANDEZ GARCIA,

                Plaintiff,

    -against-                            REPORT AND
                                      RECOMMENDATION

VIKY FURNITURE INC. d/b/a VIKY FURNITURE,   21-CV-7191 (RPK)(MMH)
BETTY FURNITURE INC. d/b/a BETTY
FURNITURE, ALL FURNITURE INC. d/b/a ALL
FURNITURE INC., and DAVED ALBUKAAI,

                Defendants.
------------------------------------------------------------------ x

**MARCIA M. HENRY**, United States Magistrate Judge:

      Plaintiff Reynaldo Hernandez Garcia brings this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Law, Art. 6, §§ 1 *et seq.* ("NYLL") against Defendants Viky Furniture Inc. d/b/a Viky Furniture, Betty Furniture Inc. d/b/a Betty Furniture, All Furniture Inc. d/b/a All Furniture Inc., and Daved Albukaai for failure to pay minimum and overtime wages. (*See generally* Compl., ECF No. 1.)[1] Before the Court are CSM Legal, P.C.'s motion to withdraw as Plaintiff's counsel, pursuant to Local Civil Rule 1.4, and Defendants' motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (ECF Nos. 25, 34.) For the reasons stated below, the motion to withdraw as counsel is **granted**. Additionally, the Court respectfully recommends that Defendants' motion to dismiss should be **granted**.

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___") and pagination "___ of ___" in the ECF header unless otherwise noted.

## I. BACKGROUND

Plaintiff commenced this action in December 2021 and served summonses on all Defendants in March 2022. (ECF Nos. 1, 8–11.). On June 6, 2022, after requesting and receiving extensions, Defendants filed an answer. (ECF No. 21.) On June 27, 2022, the Court issued an FLSA scheduling order (1) directing the parties to exchange limited discovery and engage in settlement discussions and (2) setting a deadline for a joint status report regarding same. (ECF No. 22.) The Court further directed the parties to file a joint status report on their progress with formal mediation by November 7, 2022. (ECF No. 22; Sept. 12, 2022 Order.) When the deadline passed with no status report filed, the Court *sua sponte* extended the deadline to November 28, 2022. (Nov. 17, 2022, Order.)

On November 28, 2022, CSM Legal moved to withdraw as counsel for Plaintiff, citing an inability to contact Plaintiff for over one year, despite repeated attempts. (Mot. to Withdraw, ECF No. 25.) The Court requested supplemental materials and scheduled a hearing for Plaintiff and all counsel to appear. (Dec. 6, 2022 Scheduling Order.) On January 6, 2023, Plaintiff's counsel filed an affidavit describing unsuccessful efforts to contact Plaintiff. (Palermo Aff., ECF No. 26.) At the hearing on January 18, 2023, one of Plaintiff's CSM Legal attorneys and counsel for Defendants appeared, but Plaintiff did not. (Jan. 18, 2023 Min. Entry & Order). As a result, the Court's inquiries regarding contact with Plaintiff could not be addressed, and the conference was rescheduled. (*Id.*)

The Court held a second conference on counsel's motion on January 26, 2023, at which all counsel appeared, but Plaintiff did not. (Jan. 26, 2023 Min. Entry & Order.) The Court preliminarily granted the motion to withdraw based on Plaintiff's failure to communicate with counsel at all. (Tr., ECF No. 35 at 16:23–17:4.) The Court directed CSM Legal to serve

2

Plaintiff with the January 26, 2023 Minute Entry and Order, which includes instructions about how to contact the Court to proceed with the litigation. (*Id.* at 19:20–20:3.) The Court further ordered that CSM Legal would remain as counsel of record pending Plaintiff's response to the Court's order. (*Id.* at 21:3–12.) The Court also warned that, if Plaintiff did not comply with additional court orders or participate in this case, the Court might recommend dismissal of this action for failure to prosecute. (*Id.* at 19:15–19.) CSM Legal complied with the Court's order on January 31, 2023. (ECF No. 30.)

Approximately one month later, the Court issued another order to address Plaintiff's failure to respond to the Court's January 26, 2023 Minute Entry and Order. (Mar. 8, 2023 Order.) While allowing one more opportunity for Plaintiff to contact the Court regarding his case by April 6, 2023, the Court also warned Plaintiff that failure to comply would result in a recommendation to dismiss this action. (*Id.*) In response to the Court's directive, CSM Legal served the March 8, 2023 Order and docket sheet on Plaintiff the same day. (ECF No. 33.)

On April 17, 2023, when Plaintiff's letter was 11 days overdue, Defendants moved to dismiss for failure to prosecute. (Mot. to Dismiss, ECF No. 34.) The next day, the Honorable Rachel P. Kovner referred the motion. (Apr. 18, 2023 Order.)

To date, Plaintiff has not complied with any of the Court's orders or otherwise attempted to contact the Court.

## II. **DISCUSSION**

### A. **Motion to Withdraw as Counsel**

"An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order." Loc. Civ. R. 1.4. District courts have broad discretion in deciding a

3

motion to withdraw. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *see also S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13-CV-2575 (GBD)(JCF), 2015 WL 2258173, at *1 (S.D.N.Y. May 8, 2015). "In deciding a motion to withdraw as counsel, courts may consider (1) the reasons for the withdrawal and (2) the impact withdrawal will have on the timing of the proceeding." *Escon Constr. Grp. Plc v. Fastenal Co.*, 583 F. Supp. 3d 381, 384 (E.D.N.Y. 2022).

"[A] lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *City Merch. Inc. v. Tian Tian Trading Inc.*, No. 19-CV-9649 (MKV), 2021 WL 119075, at *2 (S.D.N.Y. Jan. 13, 2021) (quotation marks omitted). Courts in this Circuit have routinely found a client's failure to communicate with counsel a satisfactory reason for withdrawal. *See, e.g.*, *Zhongle Chen v. Kicho Corp.*, No. 18-CV-7413 (PMH)(LMS), 2020 WL 3472255, at *1 (S.D.N.Y. June 25, 2020) (finding that counsel presented satisfactory reasons for withdrawal because counsel said he had been unable to communicate with his client for two months); *City Merch.*, 2021 WL 119075, at *2 (citing lack of communication with counsel as satisfactory reason for withdrawal); *United States v. Est. of Wiesner*, No. 05-CV-1634 (DRH)(AKT), 2017 WL 1450594, at *6 (E.D.N.Y. Mar. 15, 2017) (finding that a client's failure to communicate can make it unreasonably difficult for counsel to represent client), *adopted by* 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017).

The Court finds satisfactory reasons for withdrawal where, as here, the "client renders it unreasonably difficult for the lawyer to carry out such employment effectively." *City Merch.*, 2021 WL 119075, at *2. *First*, the record reflects Plaintiff's absence as of October 2022, when counsel attempted to call Plaintiff but the telephone numbers for Plaintiff were out

4

of service. (Palermo Aff., ECF No. 26-1 at 1.) Counsel attempted to contact Plaintiff multiple times between October 2022 and December 2022 using various means of communication, all to no avail. (*See id.*) *Second*, Plaintiff failed to comply with the Court's scheduling orders to appear for two conferences related to the motion to withdraw and with the Court's order directing him to contact the Court. Given Plaintiff's failure to respond and to comply with the Court's orders, counsel cannot effectively represent Plaintiff's interests before the Court. Thus, counsel for Plaintiff has presented satisfactory reasons for withdrawal.[2]

As to the second factor, the impact of withdrawal on the proceeding, "courts consider the 'immediacy and degree of potential harm—whether to the client, the lawyer or the judicial system—from the continuation of the representation . . . together with the impact that the grant of the motion would have on the progress of the case," particularly with respect to discovery. *City Merch.*, 2021 WL 119075, at *2. In this case, CSM Legal's withdrawal would not change Plaintiff's prolonged absence and ongoing failure to communicate with counsel and the Court, which has stymied all progress in this action. *Zhongle*, 2020 WL 3472255, at *2 ("any delay in this case 'is caused . . . by the defendant's failure to communicate with its attorneys'"). In other words, the compelling reasons for withdrawal outweigh any potential impacts of withdrawal on the resolution of this case. Accordingly, the motion to withdraw as counsel is granted.

---

[2] As discussed at the January 26, 2023 conference, the Court is troubled that CSM Legal did not notify the Court regarding Plaintiff's unavailability earlier than November 2022, even though it appears that Plaintiff ceased communications with counsel shortly after retaining CSM Legal in November 2021. (*See* Tr., ECF No. 35 at 17:15–18:14.) The Court reminds counsel to advise the Court if their clients' failure to respond makes it impossible to comply with orders for discovery, settlement efforts, or other case-related activities. (*Id.* at 18:16–19:11.)

### B.    Motion to Dismiss for Failure to Prosecute

"If the plaintiff fails to prosecute or to comply with [the Federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In determining whether to dismiss a case for failure to prosecute, a court must consider—

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* (citing *Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

The circumstances of this case weigh heavily in favor of dismissal. *First*, Plaintiff has not complied with the Court's orders to appear since at least January 2023, nearly nine months ago. *Second*, the Court notified Plaintiff multiple times that failure to respond to the orders could or would result in a recommendation to dismiss the action. (Dec. 6, 2022 Scheduling Order; Jan. 19, 2023 Scheduling Order; Jan. 26, 2023 Min. Entry & Order; Mar. 8, 2023 Order.) *Third*, as Defendants correctly argue, they are likely to be prejudiced by further delay because the ongoing litigation has incurred additional expenses for the individual defendant, whose businesses were already struggling because of the pandemic. (*See* ECF No. 34 at 2.) *Fourth*, because Plaintiff has been inactive for nearly two years, the Court cannot conclude that Plaintiff has any interest in being heard in this forum. *Finally*, there appears to be no sanction available other than dismissal where, as here, Plaintiff has failed to prosecute his claims. For these reasons, the Court respectfully recommends dismissing this action.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the motion to withdraw as counsel at ECF No. 25 is **granted**. Additionally, the Court respectfully recommends that Defendants' motion to dismiss at ECF No. 34 should be **granted**.

A copy of this Report and Recommendation is being served on Defendants and outgoing counsel for Plaintiff, CSM Legal, P.C., via ECF. Plaintiff's outgoing counsel shall serve a copy of this Report and Recommendation on Plaintiff forthwith.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Kovner. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
September 6, 2023

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge